The defendant was convicted after a jury trial of assault and battery in violation of a G. L. c. 209A abuse prevention order (209A order), violation of a 209A order, and operating under the influence of intoxicating liquor, second offense.[2] The convictions arose out of an incident during which the defendant forced the victim (his former girl friend) into his car, strangled her by holding her neck against the headrest, and hit her in the face when she tried to escape. At the time the victim had an active 209A order against the defendant.
On appeal the defendant argues that his conviction of violating the 209A order cannot stand because the trial judge should have sua sponte instructed the jury on the affirmative defense of honest but mistaken belief. According to the defendant, he was entitled to the instruction because the victim proactively reached out to him, leading him to believe he "was free to engage in contact with [her]." But even assuming that honest but mistaken belief is a defense to a 209A violation, the evidence does not support a finding that the defendant honestly believed he had the right to contact the victim. See Commonwealth v. St. Hilaire, 470 Mass. 338, 348 (2015), quoting from Commonwealth v. Liebenow, 470 Mass. 151, 156 (2014) (to raise defense of honest but mistaken belief in larceny case, defendant has burden of production, which is met " 'if any view of the evidence' would support a factual finding that the defendant honestly believed he or she had a legal right to take property"). The no-contact provision of the 209A order prohibited the defendant from contacting the victim "even if [she] seems to allow or request contact." Given this clear and unambiguous language, the judge had no obligation to give an honest mistaken belief instruction sua sponte, and the absence of such an instruction did not create a substantial risk of a miscarriage of justice.[3]
The defendant's only other argument is that the judge should have allowed him to pursue a jury nullification defense. This argument is squarely foreclosed by Supreme Judicial Court precedent. See, e.g., Commonwealth v. Kirwan, 448 Mass. 304, 319 (2007).
Judgments affirmed.

The defendant pleaded guilty to the second offense portion of the charge.

For the same reason, we reject the defendant's claim that trial counsel was ineffective for not requesting the instruction.